24CA2108 Henningfield v ICAO 05-01-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA2108
Industrial Claim Appeals Office of the State of Colorado
DD No. 31992-2024

---

Rochelle Henningfield,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado,

Respondent.

---

ORDER AFFIRMED

Division VII
Opinion by JUDGE LIPINSKY
Moultrie and Taubman*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 1, 2025

---

Rochelle Henningfield, Pro Se

No Appearance for Respondent


*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1     In this unemployment compensation benefits case, Rochelle Henningfield appeals a final order of the Industrial Claim Appeals Office (the Panel) affirming a hearing officer's dismissal of her appeal as untimely.  We affirm the Panel's order.

## I.     Background

¶ 2     Henningfield received unemployment compensation benefits during the COVID-19 pandemic, beginning in September 2020.  On August 13, 2021, the Division of Unemployment Insurance (the Division) sent Henningfield a "Notice of Determination" by U.S. Mail and email advising her that, because she had not complied with an online identity verification requirement, her claim for benefits was "disallowed from 9/20/2020."  The notice also said that "[t]his determination results in an overpayment of unemployment benefits in the total amount of $949.00."  The second page of the notice provided a "Week Ending Date" of April 17, 2021, and reiterated the overpayment amount of $949.00.  The notice further contained an appeal deadline of September 2, 2021, and said that the Division's

decision would be final unless the Division received a written appeal "no later than 20 calendar days from the mail date."

¶ 3 According to Henningfield, she "was not aware of the emailed/posted notice in [August] of 2021," either because the copy of the version placed in the mail had been stolen or because her children may have "fetch[ed] the mail" and not placed it "where it goes." She also asserts that the email address she used for the benefits was "a secondary" one that she did not "use often" and did not "check when not in use."

¶ 4 Henningfield alleges that she received no further correspondence from the Division until November 13, 2024, when she received a "demand for payment" of $20,474. (This demand for payment does not appear in the record.) The record shows that, upon receiving the demand for payment, Henningfield "look[ed] through [her] unemployment correspondence logs in the system" and found "a few more entries of correspondence that came in after [she] stopped checking the site," although she said she did not understand "what they [were] for."

2

¶ 5    Henningfield submitted an online appeal the same day she said she received the demand for payment. The Division summarily dismissed her appeal, however, because she had filed it more than 180 days after the August 13, 2021, notice of determination. The Division cited Department of Labor and Employment Regulation 12.1.3.2 (the regulation), which provides that, if an appeal is more than 180 days late, good cause may not be established, a hearing shall not be scheduled, the appeal shall be dismissed, and the deputy's decision shall become final. Dep't of Lab. & Emp. Reg. 12.1.3.2, 7 Code Colo. Regs. 1101-2. (The hearing officer is a "deputy" for purposes of this appeal.)

¶ 6    Henningfield appealed the dismissal to the Panel, asserting that she complied with all the identity verification requests she had received in April and May of 2021. She explained that she was furloughed from her job in 2020 due to the COVID-19 pandemic and began receiving unemployment compensation benefits in September 2020.

¶ 7    In addition, Henningfield said she received a Division communication in April 2021 asking her to verify her identity using a new online system.  She followed the directions, "did a face scan," and "signed up."  But Henningfield also said she "stopped checking" her unemployment compensation benefits account when she was recalled to her job in May 2021.  She also asserted that her email address on file with the Division was a "secondary account [she does not] use often" and "is full and will stop sending/receiving emails" because she had not "go[ne] through [it] to clean it up."  She said that she was unaware "there was an issue" until she "saw a [d]emand [f]or payment stemming from this problem."

¶ 8    In affirming the hearing officer's decision, the Panel found that "[t]he Division mailed the [hearing officer's] decision on August 13, 2021, to the address [Henningfield] chose to provide to the Division as her address of record."  The Panel thus presumed the decision had been delivered to that address, citing *Olsen v. Davidson*, 350 P.2d 338, 340 (Colo. 1960) (Mail is presumed to have been received by its addressee "when there is proper evidence of its mailing to a

4

named person at a correct address.").  The Panel also found that the notice was "uploaded to [Henningfield]'s MyUI+ account on or about August 13, 2021."  Because her appeal was 1,169 days late, the Panel determined there was "no due process violation and no reason to depart from application of the [r]egulation."  The Panel also observed:

> To the extent that the [hearing officer]'s decision resulted in an overpayment, the claimant may request a waiver of any overpayment pursuant to § 8-81-101(4)(a)(I), C.R.S. [2024,] and Regulation 15.2, 7 Code Colo. Regs. 1101-2 and the factors listed in that regulation and/or a payment plan.

¶ 9 We have not found anything in the record to indicate whether Henningfield requested a waiver of overpayment under section 8-81-101(4)(a)(I).  *See* § 8-81-101(4)(a)(I); Dep't of Lab. & Emp. Reg. 15.2.2, 7 Code Colo. Regs. 1101-2 (outlining the process for requesting a waiver of overpayment).

## II.    Discussion

### A.    Standard of Review

¶ 10 We may set aside the Panel's decision only if (1) the Panel acted without or in excess of its powers; (2) the decision was

5

procured by fraud; (3) the findings of fact do not support the decision; or (4) the decision is erroneous as a matter of law. § 8-74-107(6)(a)-(d), C.R.S. 2024.

## B. Analysis

¶ 11    On appeal, Henningfield contends that the Panel erred by "not addressing [her] claim that the initial Identity Verification issue that triggered the determination . . . was erroneous." To support her contention, she provided evidence of "an ID.me log" that she submitted to the Panel together with her appeal. She also included a Division communication instructing her not to complete the identity verification process more than once.

¶ 12    Henningfield asserts that the ID verification issue "triggered a staggering amount due in an overpayment, that was just issued recently in 2024." She says she was "never provided an amount of debt to payback until the demand for payment notice of $20,474.00 was sent now in 2024." Finally, she argues that "[t]he Eighth Amendment (Amendment VIII) to the United States Constitution . . .

is in place to prohibit punishments that are disproportionate to the offense."

¶ 13   Although the Panel informed Henningfield that she could request a waiver of any overpayment pursuant to section 8-81-101(4)(a)(I), it did not address either the merits of the hearing officer's decision or the alleged discrepancies in the overpayment amount. Neither issue is properly before us because the Panel never reached them. *See* § 8-74-107 (granting appellate court jurisdiction only to review the Panel's decision); *People in Interest of M.B.*, 2020 COA 13, ¶ 14, 459 P.3d 766, 769 (holding that an appellate court generally only reviews matters on which the court ruled in the order being appealed).

¶ 14   Therefore, our review is limited by statute to the sole issue the Panel addressed: whether the regulation bars Henningfield's untimely appeal of the hearing officer's decision. Dep't of Lab. & Emp. Reg. 12.1.3.2, 7 Code Colo. Regs. 1101-2; *see also* § 8-74-106(1)(b), C.R.S. 2024 (providing that "a deputy's decision" becomes "final" if not appealed within twenty days, unless

7

good cause is shown for filing the appeal beyond the twenty-day deadline).

¶ 15    Generally, a hearing officer may accept a late appeal for good cause shown and following rules adopted by the Division's director. § 8-74-106(1)(b).  However, as noted above, if an appeal in an employment benefits case is more than 180 days late, "good cause may not be established, a hearing shall not be scheduled, the appeal shall be dismissed, and the deputy's decision shall become final."  Dep't of Lab. & Emp. Reg. 12.1.3.2, 7 Code Colo. Regs. 1101-2.

¶ 16    The Panel found that the Division mailed the hearing officer's decision to Henningfield on August 13, 2021, and uploaded it to her electronic account with the Division.  Section 8-74-106(1)(a) provides:

> Notification of the decision shall be by personal delivery of the decision to an interested party or by mailing a copy of the decision to the last-known address shown in the division records of an interested party and to the interested party's attorney or representative of record, if any, or by electronic means.  The date of notification shall be the date of personal

delivery, the date of transmission as recorded by the division, if notification is made by electronic means, or the date of mailing of a decision.

¶ 17 The Division's notice of determination contained Henningfield's correct mailing address, was dated August 13, 2021, and specified an appeal due date of September 2, 2021. Even if Henningfield did not receive the notice by mail, the statute alternatively allows for notification by "electronic means." § 8-74-106(1)(a). The Panel determined that Henningfield was notified of the decision by electronic means because the decision was timely uploaded to her electronic account. Nothing in the record contradicts those findings. Given these facts, we agree with the Panel that the hearing officer properly dismissed Henningfield's appeal as untimely, as the applicable regulations require. *See Dep't of Revenue v. Agilent Techs., Inc.,* 2019 CO 41, ¶ 25, 441 P.3d 1012, 1018 (explaining that, when a regulation's language is clear and unambiguous, a court must apply it as written). We express no opinion on whether Henningfield remains eligible to seek a waiver of overpayment under section 8-81-101(4)(a)(I).

9

### III.  Disposition

¶ 18    The Panel's order is affirmed.

JUDGE MOULTRIE and JUDGE TAUBMAN concur.